Madden, Judge,
concurring in the result:
When the Commanding General rescinded his earlier decision that the plaintiffs should be discharged, he did so *38 because he concluded that, in view of the plaintiffs’ “unblemished records of long Government service” their discharge was not the proper method of treatment. That meant that their discharge was, in his final opinion, after reconsideration, “unjustified and unwarranted.” His statement in his letter to the plaintiffs’ attorney that “I am still of the opinion that the charges against the complainants were sustained by the evidence” is not inconsistent with his conclusion that, in the circumstances, discharge was too harsh a penalty. It perhaps showed that, in his opinion, it would have been within his discretion to let the discharges stand. But he did not let them stand. He concluded that the wiser exercise of his discretion called for the restoration of the plaintiffs to their positions.
In a large percentage of cases of administrative restoration of persons discharged by their immediate superiors, the question is not whether the employee in question was guilty of the derelictions or incompetency with which he has been charged, but whether, in the administration of a wise and humane personnel policy, discharge was the right penalty. The agency superiors or the Civil Service Commission, in making these decisions, have a wide range of discretion which is not generally, of course, subject to judicial review. When their decision is that, in the circumstances, discharge was not the proper penalty, that is a decision that the discharge was unjustified and unwarranted. When, pursuant to that decision, the employee has been restored to duty, the provisions of the 1948 amendment to the Lloyd-La Follette Act, quoted by the court, automatically apply.
I agree with the court’s conclusion that the plaintiffs cannot recover because they failed to exhaust their administrative remedies.